IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MISTY A. RUPERT                                                                               PLAINTIFF

v.                                  CIVIL NO. 20-cv-3060

ANDREW SAUL, Commissioner                                    DEFENDANT
Social Security Administration

**MEMORANDUM OPINION**

Plaintiff, Misty A. Rupert, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

I. **Procedural Background**

Plaintiff protectively filed her applications for DIB and SSI on December 2, 2015. (Tr. 386). In her applications, Plaintiff alleged disability beginning on October 31, 2015, due to: severe right sided neck and shoulder pain, memory loss, PTSD, depression, anxiety, aggression, neck spasms, lots of work restrictions, frequent and severe headaches, anxiety while driving, and a slowed response to dangerous situations. (Tr. 273, 386). An administrative hearing was held on December 19, 2017, at which Plaintiff appeared with counsel and testified. (Tr. 408–47). Plaintiff's stepmother, Debra Rupert, also testified. (Tr. 441–44). At this hearing, Plaintiff amended her alleged onset date to October 31, 2014. (Tr. 386).

1

On April 9, 2018, the ALJ issued an unfavorable decision. (Tr. 383-404). The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: mild degenerative disc disease of the cervical and lumbar spine, obesity, headaches, anxiety, and depression. (Tr. 388–89). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 389–90). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b) and § 416.967(b) except she would be limited to simple, routine, repetitive tasks involving only simple, work-related decisions, with few if any workplace changes and no more than incidental contact with co-workers, supervisors, and the general public. (Tr. 390–402).

With the help of a vocational expert, the ALJ found Plaintiff would not be able to perform any of her past relevant work, but would be able to perform the representative occupations of power screwdriver operator, can filling and closing machine tender, or compression molding machine tender. (Tr. 402–03). The ALJ found Plaintiff was not disabled from October 31, 2014, through the date of his decision. (Tr. 403).

Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 15, 16).

II.  **Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but is enough that a reasonable

mind could accept as adequate to support a conclusion. *Ponder v. Colvin*, 770 F.3d 1190, 1193-94 (8th Cir. 2014). The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964,966 (8th Cir. 2003). So long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F. 3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted for at least one year and that prevents her from engaging in substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. §§ 423 (d)(3), 1382(3)(C).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing the claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given Plaintiff's age, education, and experience. *See* 20 C.F.R. § 404.1520. Only if the final step is reached does the fact finder consider the Plaintiff's age, education, and

work experience in light of her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R § 404.1520. While the burden of production shifts to the Commissioner at step five, the burden of persuasion to prove disability and to demonstrate RFC both remain with the claimant. *Stormo v. Barnhart*, 377 F. 3d 801, 806 (8th Cir. 2004) ("The burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five.").

**III.     Discussion**

Plaintiff raises the following on appeal: 1) whether the ALJ erred in finding Plaintiff could perform light work, as it was inconsistent with Plaintiff's history of knee arthroscopies which occurred after the opinion evidence was proffered; and 2) whether the ALJ erred by failing to find Plaintiff's knee and shoulder impairments severe. (ECF No. 15).

Of particular concern to the undersigned is the ALJ's lack of consideration of Plaintiff's right knee impairment at both step two and in his RFC determination. RFC is the most that a person can do despite that person's limitations. 20 C.F.R. §404.1545(a)(1). It is assessed using all relevant evidence in the record. *Id*. This assessment includes medical records, observations of treating physicians and others, and the claimant's own description of her limitations. *Guilliams v. Barhart*, 393 F. 3d 798, 801 (8th Cir. 2005). *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations arising from symptoms such as pain are also factored into the assessment. 20 C.F.R. §404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ

4

is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." *Id*.

The Commissioner's assertion that ALJ did not receive the medical records showing Plaintiff's January arthroscopy and Dr. Sidani's confirmation of a meniscal tear is immaterial to this issue, as the ALJ had, but did not consider, other evidence of a right knee impairment. Before making his decision the ALJ possessed all of the medical evidence through the end of 2017, Plaintiff's testimony regarding her knee impairment, and her testimony that she had a surgery planned for her right knee. The ALJ did not discuss or even reference the MRI of her knee or Dr. Sidani's treatment. (Tr. 390-402). If the ALJ did indeed consider her knee impairment, and come to the conclusion that it did not require postural restrictions, that analysis was not made during the RFC assessment.

Plaintiff testified that she had issues with her knee before the relevant time period, which had worsened and for which she was being treated at the time of the hearing. (Tr. 422). Plaintiff testified that she had surgery on her knee when she was 17; her doctor thought these issues may be stemming from that surgery; and she was going to have another surgery soon. (Tr. 423). The ALJ asked whether she had all of the screws removed from her surgery when she was 17, and Plaintiff replied that they were removed but not for a period of years because she did not have insurance. Plaintiff testified that her knee popped out of place and sent her to the floor crying until she and her children could get it back into place. (Tr. 422).

On September 20, 2017, Plaintiff reported to Christopher Baranyk, DO that she was having trouble with her right knee dislocating and had a history of a tibial tubercle transfer at age 17. (Tr. 1842). On September 27, Plaintiff was seen at Kings River Physical therapy for cervicalgia, right shoulder pain, and her right knee which was popping out of place. (Tr. 1816).

5

Plaintiff saw Dr. Tarik Sidani at Arkansas Orthopedics and Sports Medicine on November 6, 2017, to discuss her longstanding right knee pain which was making it hard for her to use stairs. (Tr. 1822). Dr. Sidani opined that her symptoms were a classic presentation of an unstable bucket-handle medial meniscus tear and noted a mechanical locking in Plaintiff's knee both in findings from a physical exam and as reported by Plaintiff. (Tr. 1821). Based on these findings, Dr. Sidani recommended an MRI. Plaintiff had an MRI of her right knee of November 15, 2017, which was reviewed by Dr. Sidani the next day. (Tr. 1820, 1824). Dr. Sidani noted that while the radiologist read the MRI as showing a normal meniscus, Dr. Sidani felt there may some abnormality in the posterior horn and her symptoms were still consistent with a bucket-handle meniscus tear. As Plaintiff was going through physical therapy, Dr. Sidani wanted her to continue therapy but wear a lateral stabilizing sleeve for her patella and review her progress in a month. If Plaintiff had not improved, she would consider arthroscopy to evaluate the meniscus and patellofemoral joint.

The ALJ did not find Plaintiff's right knee impairment to be severe, nor did he explicitly consider her treatment history regarding her right knee including complaints of difficulty using stairs. The Commissioner argues that any error at step two was at most harmless error as, failure to find a particular impairment severe at step two is not reversible so long as the ALJ finds another impairment to be severe, and considers the effects of the non-severe impairment at other steps of the evaluation process. (ECF No. 16, p. 9). It is important to distinguish this case, where the ALJ did not find Plaintiff's knee impairment to be severe and then did not clearly consider or account for said impairment in the RFC, from cases where an ALJ fails to find an impairment to be severe at step two but then considers the effects of that impairment on Plaintiff's RFC. While the cases cited by the Commissioner show it is not reversible error to

6

fail to find an impairment severe at step two so long as said impairment is considered in the RFC assessment, it is clear that failure to find an impairment severe at step two, and then failing to consider the effect of the impairment on Plaintiff's RFC is reversible error. *See Misty G. v. Berryhill,* 0:18-CV-00587-KMM, 2019 WL 1318355 (D. Minn. Mar. 22, 2019); *Coleman v. Astrue*, No. 4:11CV2131 CDP, 2013 WL 665084, at *10, 20 (E.D. Mo. Feb. 25, 2013) (finding the ALJ's failure to find Coleman's back pain a severe impairment, and then failing to consider the effect of her back pain in combination with her other severe impairments was reversible error).

The ALJ's failure to consider the impact of Plaintiff's knee impairment on her RFC warrants remand. The ALJ did not discuss Plaintiff's treatment for her right knee, which caused mechanical lockup and made it difficult for her to climb stairs. The ALJ did not possess and therefore, could not have considered, any opinion evidence which took into consideration new treatment and radiological findings regarding Plaintiff's knee pain and torn meniscus occurring from November of 2017 onward. The Court believes remand is necessary for the ALJ to more fully and fairly develop the record regarding Plaintiff's right knee impairment and RFC.

On remand, the ALJ is directed to address interrogatories to an orthopedist requesting that said physician review all of Plaintiff's medical records; complete an RFC assessment regarding Plaintiff's capabilities during the time period in question; and provide the objective basis for the assessment so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis. This opinion should specifically address Plaintiff's knee impairment and any limitations that may arise from these impairments as well as postural limitations arising from any impairment. The ALJ may also order a consultative examination, in which, the consultative examiner should be asked to review the medical

evidence of record, perform examinations and appropriate testing needed to properly diagnose Plaintiff's condition(s), and complete a medical assessment of Plaintiff's abilities to perform work related activities. *See* 20 C.F.R. § 416.917. With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

**IV.    Conclusion**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. §405(g).

IT IS SO ORDERED this 7th day of July 2021.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE